**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **3:14-CR-269** |
| | : | |
| **v.** | | |
| | : | **(JUDGE MANNION)** |
| **ANTONIO PEREZ,** | : | |
| **Defendant** | : | |

### <u>MEMORANDUM</u>

## I.    BACKGROUND

On June 22, 2020, defendant Antonio Perez filed, *pro se*, a Motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. §3582(c)(1)(A), and request for transfer to home confinement related to his 33-month sentence, due to the COVID-19 pandemic and his underlying "serious health conditions which lead[] to death." (Doc. 65). In particular, Perez, age 48, seeks the court to release him from confinement in prison at Moshannon Valley Correctional Facility ("MVC"), located in Philipsburg, Pennsylvania, to home confinement with his family in Hazleton, Luzerne County, Pennsylvania, (*see* Doc. 69-4 at 22-24), due to his fear that he may contract the COVID-19 virus in prison and, his fear that if he does, based on his alleged chronic liver condition for which he states that he needs "immediately [a] liver transplantation to save [his] life", he will be at greater risk to suffer more severe consequences. Perez does not allege that any staff

1

member or inmate has tested positive for COVID-19 in the prison. Nor does he allege that the prison does not have an adequate medical staff to treat the virus if it is introduced there.[1]

Perez also requests the court to appoint him counsel to represent him with respect to his motion.

On June 24, 2020, the court directed the government to respond to Perez's motion and to include in its response Perez's medical conditions and the measures which the prison has taken to comply with the Center for Disease Control (CDC) guidelines regarding the COVID-19 pandemic. The court also directed the government to address whether the defendant exhausted his BOP administrative remedies with respect to the relief sought in his motion. (Doc. 66).

On July 6, 2020, the government filed its brief in opposition to Perez's motion. (Doc. 67). The government states that "Perez did request the prison for compassionate release and that was denied by the warden in June 2020", and that "[h]e did not file an appeal to the Bureau of Prisons." (Id. at 2).

---

[1]The number of COVID-19 cases in a federal prison can be found at COVID-19 Cases, Federal BOP, https://www.bop.gov/coronavirus/. According to the government, "as of July 2, 2020, no inmate and no staff have tested positive for COVID-19 at MVC. The BOP's website indicates that as of July 22, 2020, MVC currently has no positive cases of COVID-19 among staff and inmates.

Luzerne County, where it appears Perez is seeking to be released on home confinement, has 3,083 positive cases of COVID-19 and 182 deaths as of July 22, 2020. *See* Pa. Dept. of Health website.

With respect to Perez's medical conditions, the government indicates that "[a]n MVC health [services] administrator [Carrie Guiher] stated that Perez suffers from alcoholic cirrhosis and is under the care of a gastroenterologist", and that [Perez's] last consul[t] was on April 21, 2020 and he was deemed stable and compensated on current treatment, and did not need a liver transplant at this time." It also indicates that "Perez's diabetes is being monitored and his esophageal varices is being treated with medication." (Id. at 2-3).

On July 20, 2020 the court issued an Order directing the government to file copies of Perez's request for compassionate release he filed with the warden and the warden's response, as well as copies of Perez's relevant BOP medical records. (Doc. 68).

On July 20, 2020, Perez filed his reply brief with Exhibits, including his BOP Sentence Monitoring Computation Data, courses he completed in prison, copies of his prior requests for compassionate release and responses, support letters from his family, and copies of his BOP medical records. (Docs. 69 & 69-1 to 69-5). He states that according to the BOP's criteria, including his vulnerability to COVID-19 based on his "significant health issues", he qualifies for home confinement.

Perez also states that he has served about 85% of his sentence, that he does not pose a danger to the community, and that he is eligible for home

detention on July 30, 2020. His projected release date is November 6, 2020. (Doc. 69 at 8).[2]

Perez further states that since he submitted three prior requests for compassionate release/reduction in sentence, pursuant to BOP Program Statement 5050.50, with Warden Oddo at MVC in April 2019, June 2019, and November 2019, due to his medical conditions, (i.e., cirrhosis of the liver, diabetes and esophageal varices), and since he appealed the Warden's denials of his requests through the BOP administrative remedy process to no avail, this shows he has exhausted his remedies before he filed his instant motion. (Doc. 69 at 3). However, these pre-COVID-19 requests and responses do not constitute exhaustion for Perez's present motion which is based on the pandemic in addition to his medical conditions. (*See* Doc. 69-4 at 11-19). *See* United States v. Pitt, 2020 WL 2098272, *2 (M.D.Pa. May 1, 2020) (Court found that defendant's previous request to the warden for the BOP for his compassionate release under 18 U.S.C. §3582(c)(1)(A), could not be considered for purposes of exhaustion with respect to defendant's subsequent motion based on COVID-19 since his previous request "was not

---

[2]Perez's BOP Sentence Monitoring Computation Data also indicates that ICE filed a detainer against him based on his instant drug conviction since "probable cause exists that [Perez] is a removable alien." (Doc. 69 at 10). (*See also* Doc. 69-4 at 13, warden denying Perez's June 2019 request for compassionate release, in part, since he was not eligible with ICE's detainer lodged against him). Also, in his reply brief, Perez does not allege that he is a United States citizen as he alleges some members of his family are.

based on the COVID-19 pandemic or any other medical reasons.") The court in Pitt, *id.,* stated: "One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue. To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." (quoting United States v. Valenta, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) (citing Gadra-Lord v. Doe, 736 F. App'x 30, 32 (3d Cir. 2018)). *See also* United States v. Wilson, 2020 WL 1975082, *4 (E.D. Pa. April 24, 2020) ("To enable Bureau of Prisons to make this informed decision envisioned by Congress, the Bureau of Prisons must be fairly put on notice of the grounds for compassionate release.").

Perez also alleges, without support, that the CDC safety protocols are not possible in the prison, such as adhering to social distancing and sanitation guidelines. He alleges that "if [the] coronavirus enters into this prison, it is very hard to be safe and to save [a] life like [his] who [has] serious health conditions."

Thus, Perez essentially alleges that there exists extraordinary and compelling circumstances warranting his release from prison to home confinement.[3]

---

[3]Since the government included in its response the safety measures implemented by the BOP in response to the COVID-19 virus, as well as the safety protocols enacted at MVC, (Doc. 67 at 3-12), and since this court is well-aware of all of the safety measures implemented by the BOP, *see*

On July 21, 2020, the government filed, along with a motion requesting to file the document under Seal, copies of Perez's June 12, 2019 Request for Compassionate Release/Reduction in Sentence, under 18 U.S.C. §3582(c)(1)(A), due to his stated medical conditions, and the Warden's June 19, 2019 response. (Docs. 70 & 71). In particular, Warden Oddo denied Perez's June 2019 request stating that Perez was receiving regular medical care for his conditions and that "[t]here are no current concerns for any deteriorating mental or physical health that would substantially diminish [his] ability to function in [the prison]." Further, the Warden noted that since Perez had an ICE detainer lodged against him, he was not eligible for compassionate release pursuant to BOP Program Statement 5050.50. (Doc. 71 at 1).

On July 22, 2020, the government filed, along with a motion requesting to file the documents under Seal, copies of Perez's BOP medical records. (Docs. 72-75).

It is apparent that Perez has not yet submitted a Request for Compassionate Release with the Warden, pursuant to BOP Program

---

Cordaro, 2020 WL 2084960, and since many of the measures are found on the BOP's website, they are not repeated. *See also* BOP website: www.bop.gov/coronavirus/index.jsp. The court has also reviewed the May 26, 2020 Memorandum from Ken Hyle, BOP Assistant Director/General Counsel to the Honorable Ricardo S. Martinez, Chair of the Judicial Conference Criminal Law Committee, regarding updated information from the Bureau of Prisons with respect to its response to the COVID-19 pandemic and about revised screening procedures for new inmates being confined in federal prisons to reduce the spread of the virus.

Statement 5050.50 and 18 U.S.C. §3582, based on COVID-19 and his medical conditions.

After considering Perez's motion, it will be dismissed without prejudice for lack of jurisdiction due to his failure to exhaust all of his BOP administrative remedies under §3582(c)(1)(A)(i). To the extent Perez is also deemed as seeking the court to order the BOP to find him eligible for immediate home confinement designation under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, §12003, the court does not have authority to grant his request for relief and order the BOP to release him to home confinement.[4]

## II.    DISCUSSION

On January 31, 2018, Perez pled guilty to distribution/possession with intent to distribute heroin, 21 U.S.C. §841(a)(1). On June 28, 2018, Perez was sentenced to 33 months in prison to be followed by a three-year term of supervised release.

The court will first consider the exhaustion issue since it is a threshold matter. *See* United States v. Gadsden, 2020 WL 3871083, *1 (W.D.Pa. July 9, 2020) ("In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the court of

---

[4]Since Perez is proceeding *pro se*, the court liberally construes his motion as also seeking relief pursuant to the CARES Act, in addition to a motion compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), as he alleges that he is eligible for relief under the First Step Act.

appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies.").

In its brief, (Doc. 67 at 2), the government states that "Perez did request the prison for compassionate release and that was denied by the warden in **June 2020**." (emphasis added). It also states that Perez did not appeal the Warden's decision to the Bureau of Prisons ("BOP"). However, the government's assertion is erroneous since the government's Exhibit, (Doc. 71), indicates that Warden Oddo denied Perez's request on June 19, 2019, and that Perez's request was not based on the COVID-19 pandemic.

The government also states that it is the Department of Justice's position that an inmate is not required to appeal a warden's denial of compassionate release to the BOP before filing a motion for such release with the court. However, the government's position in this case is misplaced since its own Exhibit, (Doc. 71), shows that Perez has not submitted a Request for Compassionate Release with the Warden based on COVID-19. Further, Perez only alleges in his motion and reply brief that he submitted prior requests for compassionate release with the Warden in 2019, before the COVID-19 pandemic. Indeed, Perez's Exhibits show that his prior requests and appeals were made in April 2019, June 2019 and November 2019, and based only on his medical conditions. (Doc. 69-4 at 12-19).

The government goes on to argue that the court should deny Perez's motion for compassionate release based on the merits.

The court finds that Perez has not exhausted his administrative remedies with respect to his instant motion, as required, and that the court cannot waive the exhaustion requirement. *See* United States v. Greenlove, 2020 WL 3547069 (M.D. Pa. June 30, 2020); United States v. Fraction, 2020 WL 3432670 (M.D. Pa. June 23, 2020); United States v. Muskey, 2020 WL 3547084 (M.D. Pa. June 30, 2020). This court has consistently found that the exhaustion requirement is "mandatory" and that since Perez filed his instant motion with the court before submitting a request with the Warden based on COVID-19 and before exhausting his administrative remedies with the BOP, this court is "without jurisdiction to entertain the motion." *See* Greenlove, *supra*; Fraction, *supra* (citing Untied States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). This court has also held that it is bound to follow the Third Circuit's Raia case. *See also* United States v. Blevins, 2020 WL 3260098, *2 (S.D. Miss. June 16, 2020) ("The statute [18 U.S.C. §3582(c)(1)(A)] does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise.") (citations omitted).

Regarding exhaustion in this case, the court must first consider whether Perez has exhausted his BOP administrative remedies despite the government's mistaken concession on this issue. *See* Blevins, 2020 WL 3260098, *2 (Court first considered the exhaustion issue even though "the Government seem[ed] to concede that there has been exhaustion", and the court then found that "the Defendant failed to exhaust his administrative remedies" and dismissed his motion.). *See also* United States v. Bolze, ---

F.Supp.3d---, 2020 WL 2521273, *3 (E.D.Tn. May 13, 2020) (court held that "the exhaustion requirement is a prerequisite to the court's exercise of its authority under §3582(c)(1)(A)", and "the Court lacks jurisdiction to reduce a term of imprisonment under §3582(c)(1)(A) if defendant has not exhausted his administrative remedies ….").

As mentioned, Perez has not yet submitted a request for compassionate release with the Warden based on his medical conditions and COVID-19, and he cannot directly file his motion with the court without exhausting his administrative remedies. *See* Blevins, 2020 WL 3260098, *3. If his request is timely denied by the Warden, Perez must then "fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute." *Id.* (citation omitted). "Therefore, a defendant does not satisfy the exhaustion requirement of §3582(c)(1)(A) if he does not appeal the warden's decision to deny compassionate release." *Id.* (citing United States v. Pinson, 2020 WL 2771343, at *3 (S.D.Tex. May 28, 2020) ("finding defendant's failure to appeal the warden's denial of compassionate release meant that he failed to exhaust his administrative rights"). If the Warden fails to respond to the inmate's request within 30 days, then he can file his motion for compassionate release with the court without fully exhausting his BOP administrative remedies.

Recently, in United States v. Early, 2020 WL 2572276, *3 (W.D.Pa. May 21, 2020), the court stated that the court may not waive the exhaustion requirement and that "exhaustion of [defendant's] administrative remedies is

mandatory." (citing United States v. Raia, 954 F.3d 594 (3d Cir. 2020)). "In Raia, the Court of Appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19, and held that the 'exhaustion requirement takes on added – and critical – importance.'" *Id*. (quoting Raia, 954 F.3d at 597). "The BOP is in the best position to consider the myriad of factors necessary in rendering a decision." *Id*.

As indicated, this court has found that exhaustion of administrative remedies is mandatory under 18 U.S.C. §3582(c)(1), *see* Blevins, 2020 WL 3260098, *2, Greenlove, *supra*, and since Perez has not yet submitted a request with Warden Oddo based on COVID-19 and his medical conditions, which are the bases of his instant motion, (see Doc. 69 at 1-2), this court does not have jurisdiction to grant his request for compassionate release.

Also, to the extent that Perez is deemed as attempting to argue futility based on his above stated allegations in his motion, and requests the court to consider the substantive merits of his motion, this court has agreed with the courts that have found that there is no futility exception in 18 U.S.C. §3582(c)(1)(A). *See* Greenlove, *supra*; Blevins, 2020 WL 3260098, *2 ("The statute does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise."). Further, Perez's prior use of the administrative process by submitting requests with the Warden in 2019, belies any claimed futility since the Warden timely responded to his requests and Perez then appealed the responses through the BOP administrative remedy process.

Additionally, the court cannot waive Section 3582(c)(1)(A)'s exhaustion requirement because it is jurisdictional. *See* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (Third Circuit held that courts cannot consider a request for compassionate release under the First Step Act until the inmate has exhausted his BOP administrative remedies.); United States v. Davila, 2020 WL 2839860, *2 (W.D.Pa. June 1, 2020) ("The exhaustion requirement that applies in this case is explicitly set forth in §3582(c)(1)(A), and, therefore, cannot be excused."); United States v. Pitt, 2020 WL 2098272, *2 (M.D.Pa. May 1, 2020) ("The court cannot overlook [defendant's] failure to exhaust his remedies, as the Third Circuit recently emphasized the need for 'strict adherence' to the exhaustion requirement in the wake of the COVID-19 pandemic.") (citing Raia, 954 F.3d at 597).

Secondly, the court cannot yet determine if Perez has demonstrated that "extraordinary and compelling reasons" due to the COVID-19 pandemic and his medical conditions warrant a reduction of his sentence, since he has not exhausted his administrative remedies. *See* United States v. Zukerman, ---F.Supp.3d---, 2020 WL 1659880, *2 (S.D.N.Y. April 3, 2020) ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of [her] sentence.") (emphasis added); Raia, 954 F.3d at 597 ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies

with the BOP.) (citing 18 U.S.C §3582(c)(1)(A)(i)). The Third Circuit in <u>Raia</u>, *id.*, also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

Finally, to the extent Perez is deemed as also relying on the CARES Act, which was signed into law on March 27, 2020, as well as Barr's March 26, 2020 and April 3, 2020 Memoranda to the BOP, such reliance is misplaced.

"[T]he jurisdiction of [a home confinement] determination [under the CARES Act] is with the Director of the Bureau of Prisons." <u>United States v. Cruz</u>, ---F.Supp.3d---, 2020 WL 1904476, *4 (M.D.Pa. April 17, 2020); <u>Cordaro</u>, 2020 WL 2084960, *6-7 ("the determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director." (citations omitted). *See also* <u>United States v. Sawicz</u>, 2020 WL 1815851, *1 (E.D.N.Y. April 10, 2020); <u>United States v. Doshi</u>, 2020 WL 1527186, *1 (E.D.Mi. March 31, 2020) (The CARES Act "temporarily permits the Attorney General to 'lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement' under §3624(c)(2)", and "the authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons."); <u>United States v. Coker</u>, 2020 WL 1877800, *1 (E.D.Tenn. April 15, 2020) (court stated that while section 12003 of the [CARES Act] "presently and temporarily provides for expanded prisoner home confinement", "[t]he

CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons.") (citations omitted); United States v. Berry, 2020 WL 1984117, *3 (M.D.Pa. April 27, 2020) (same); United States v. Williams, 2020 WL 2748287, *1 (E.D.Tenn. May 27, 2020) ("The CARES Act gives decision-making authority to of the Attorney General and the Director of the [BOP]", and "Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.") (citations omitted).

## III.   CONCLUSION

Based on the foregoing, Perez's Motion for Compassionate Release and request for home confinement related to the COVID-19 pandemic, **(Doc. 65)**, will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction due to his failure to exhaust his BOP administrative remedies under §3582(c)(1)(A)(i). Further, insofar as Perez is challenging any decision by the BOP that he is not eligible for home confinement designation under the CARES Act, the court will **DISMISS** it since the authority to make this determination lies with the BOP Director and not the court. Insofar as Perez requests the court to appoint him counsel to represent him with respect to his motion, the request will be **DENIED**. The government's motions to file

documents under Seal, **(Docs. 70 & 72)**, will be **GRANTED**. An appropriate

order will follow.


s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 5, 2020**
14-269-01